IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHERYN HERRERA AND YSAVELA YBARRA | § § § § § § § | |
| VS. | § § | CIVIL NO. 1:20-cv-01023 |
| MARK CORDELL JONES AND COMBINED TRANSPORT, INC. | § § § | |

## DEFENDANT, MARK CORDELL JONES'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COMES, **MARK CORDELL JONES**, Defendant, and files their Original Reply to Plaintiff's Original Petition and would show the Court the following:

**I.**

1. Defendants, Mark Cordell Jones admits the allegations contained in Paragraph 1 of Plaintiff's Original Petition.

2. Defendants, Mark Cordell Jones admits the allegations contained in Paragraph 2 of Plaintiff's Original Petition.

3. Defendants, Mark Cordell Jones admits the allegations contained in Paragraph 3 of Plaintiff's Original Petition.

4. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 4 of Plaintiff's Original Petition.

5. Defendants, Mark Cordell Jones admits the allegations contained in Paragraph 5 of Plaintiff's Original Petition.

6. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 6 of Plaintiff's Original Petition.

7. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 7 of Plaintiff's Original Petition.

8. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 8 of Plaintiff's Original Petition.

9. Defendants, Mark Cordell Jones denies the Federal Court has Jurisdiction otherwise, Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Original Petition.

10. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 10 of Plaintiff's Original Petition.

11. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 11 of Plaintiff's Original Petition.

12. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 12 of Plaintiff's Original Petition and all its subparts a-d.

13. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 13 of Plaintiff's Original Petition.

14. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 14 of Plaintiff's Original Petition and all its subparts a-e.

15. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 15 of Plaintiff's Original Petition and all its subparts (a) (1) (2).

16. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 16 of Plaintiff's Original Petition.

17. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 17 of Plaintiff's Original Petition.

18. Defendants, Mark Cordell Jones admits/denies the allegations contained in Paragraph 18 of Plaintiff's Original Petition.

19. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 19 of Plaintiff's Original Petition.

20. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 20 of Plaintiff's Original Petition.

21. Defendant, Mark Cordell Jones denies the allegations contained in Paragraph 21 of Plaintiff's Original Petition.

22. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 22 of Plaintiff's Original Petition.

23. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 23 of Plaintiff's Original Petition.

24. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 24 of Plaintiff's Original Petition and all its subparts a-k.

25. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 25 of Plaintiff's Original Petition.

26. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 26 of Plaintiff's Original Petition and all its subparts a-k.

27. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 26 of Plaintiff's Original Petition.

28. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 28 of Plaintiff's Original Petition.

29. Defendants, Mark Cordell Jones admits the allegations contained in Paragraph 29 of Plaintiff's Original Petition.

30. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 30 of Plaintiff's Original Petition.

31. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 31 of Plaintiff's Original Petition.

32. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 32 of Plaintiff's Original Petition.

33. Defendants, Mark Cordell Jones denies the allegations contained in Paragraph 33 of Plaintiff's Prayer.

## II. AFFIRMATIVE DEFENSES

Additionally, and/or in the alternative, Defendant would respectfully show that Plaintiffs' alleged injuries and damages were caused or contributed to by the acts, omissions of Plaintiff, Kathryn Herrera which were negligent and were the sole proximate cause, producing cause, a proximate cause and/or a new and independent intervening cause of the incident and the alleged damages to Plaintiffs.

Defendant, Mark Cordell Jones alleges that Plaintiffs' claims are barred, in whole or in part, due to intervening and superseding causes over which Defendant had no control.

Defendant, Mark Cordell Jones would show that Plaintiffs' damages, if any, were solely caused by matters or conditions not under the control of Defendant, or by conduct of parties over whom Defendant had no control.

## III.

Further answering, Defendant, Mark Cordell Jones states that the imposition of punitive damages and additional damages against him in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

    a.    Due process requires proof of gross negligence and punitive damages and additional damages by a standard greater than "the preponderance of the evidence" standard. Due process requires

        proof of such claims at least by a clear and convincing standard of proof.

b.     The assessment of punitive damages and additional damages, a remedy that is essentially criminal in nature, without safeguards greater than that afforded by the Texas Civil Procedure and Law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

c.     Any award of punitive damages or additional damages under Texas law without bifurcating the trial and trying all punitive damages issues, only if and after liability on the merits has been found, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.

d.     An award of punitive damages or additional damages under Texas law by a jury that: (i) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size, of a punitive damage award; (ii) is not adequately instructed on the limits of punitive damages imposed by Texas law and well-defined principles of deterrence and punishment; and (iii) is not expressly prohibited from awarding punitive damages or additional damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the wealth and corporate status of Defendants, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas. The due process error is compounded by the inadequacies of the appellate process in Texas to correct an erroneous award of punitive damages or additional damages or to correct an excessive award.

e.     The amount of punitive damages or additional damages sought is unconstitutionally excessive and disproportionate to Defendants' conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment, United States Constitution, Amendment XIV, Section 1 and the Due Process Clause of the Texas State Constitution.

f.     An award of punitive damages or additional damages resulting from the same course of conduct for which the Defendants have been or may be found liable for punitive damages or additional damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Texas State Constitution.

g.  Defendants fully complied with or exceeded all applicable public laws, therefore, fundamental fairness and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the Texas State Constitution prohibit the recovery of punitive damages or additional damages.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **MARK CORDELL JONES** respectfully prays that upon final trial Plaintiffs take nothing, and for such other and further relief, to which it may show itself entitled.

Respectfully submitted,

_____
LARRY D. WARREN
State Bar No. 20888450
**ATTORNEY FOR DEFENDANTS
MARK CORDELL JONES**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas  78216
Telephone: (210) 731-6350
Facsimile:  (210) 785-2950
lwarren@namanhowell.com

Doc# 6J04120.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on the **6th** day of **October 2020**, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via **E-mail**:

Brian D. Smith
State Bar No. 24044734
THOMAS J. HENRY LAW, PLLC
P.O. Box 696025
San Antonio, Texas 78269
Telephone: (210) 656-1000
Facsimile: (877) 513-1359
Briansmith-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFFS**

Dan Moran
FANAFF, HOAGLAND & GONZALEZ
15700 Long Vista Drive
Austin, Texas 78728
Telephone: (512) 233-3080
Facsimile: (512) 533-8689
Daniel.moran@FarmersInsurance.com
**ATTORNEYS FOR FARMERS**

Richard H. Grafton
State Bar No. 08252800
GERMER BEAMAN & BROWN, PLLC
1501 South Mopac Expy, Suite A400
Austin, Texas 78746
Telephone: (512) 472-0288
rgrafton@germer-austin.com
**ATTORNEYS FOR COMBINED TRANSPORT, INC.**

_____
LARRY D. WARREN